[Civ. No. 15718. Second Dist., Div. Three. Feb. 20, 1948.]

ROBERT P. NOBLE, Appellant, v. HAZEL E. NOBLE, Respondent.

Nadia Williams and Nathan Asimow for Appellant.

Francis R. McKenna for Respondent.

SHINN, Acting P. J.—This is an appeal by plaintiff from a judgment that a property settlement agreement between the parties, entered into while they were husband and wife, was not procured by the fraud of defendant wife but was valid, and also declaring that the court was without jurisdiction to render a decision on plaintiff's cause of action by which he sought a decree that his marriage to defendant was void.

The parties intermarried in 1938, separated and entered into a property settlement agreement in September, 1945, which provided in part that defendant was to receive a deed to certain real property in Los Angeles County. In the following month plaintiff was awarded a decree of divorce in Nevada and thereafter executed a deed in defendant's favor for the real property described in the agreement. In the following month, without having taken any steps to have the Nevada decree vacated, he filed two actions in Los Angeles

County, one to quiet title to the real property, and another with separate causes of action for annulment of the marriage, and annulment of the agreement on the ground of fraud. He alleged in the cause of action for annulment of the marriage that at the time he married defendant she had another husband living, and in the other cause of action that defendant concealed the fact of the void character of her marriage with him, and that he entered into the agreement with her as a result of her fraudulent concealment, and in the belief that she was his lawful wife. Defendant answered in both actions, admitting in the second action that at the time of her marriage to plaintiff she had another husband living, by virtue of a marriage which had not been dissolved, but alleging that plaintiff was fully advised of that fact, and that he entered into the agreement with full knowledge of the invalidity of his marriage to defendant. Defendant also alleged that plaintiff had obtained a divorce in Nevada and that the property settlement agreement had been approved by the Nevada court. It appeared to have been the purpose of defendant to rely upon the Nevada decree as res judicata as to the validity of the marriage and the agreement. It was stipulated early in the trial that plaintiff had obtained a divorce in Nevada and the parties then proceeded with their proof upon the issue of fraud in connection with the property settlement agreement. Defendant proved to the satisfaction of the court that plaintiff knew when he married defendant that she was not eligible for marriage, and that he entered into the agreement with full knowledge and understanding of the void character of the marriage. Findings were made to this effect and the judgment declared that the agreement and plaintiff's deed to defendant were valid. Plaintiff concedes that the evidence was sufficient to support the findings and he makes no claims of error in the trial of the property issue. It will be noted in what we have said that no trial was had on the plea of res judicata. Defendant offered no evidence in support of that plea. Neither the Nevada judgment nor any part of the record was introduced in evidence, the trial of the issue being solely on the merits.

On the annulment issue plaintiff put himself out of court when he stipulated that he had already been awarded a decree of divorce in Nevada. Not only did that fact preclude a decree annulling the marriage, for the reason that the court would not attempt to annul a marriage which did not exist,

but for the additional reason that it established the validity of the marriage. ▮ As between the parties a decree of divorce is also an adjudication of the validity of the marriage. (*Estate of Hughes,* 80 Cal.App.2d 550, 556 [182 P.2d 253], and cases cited.) Plaintiff evidently did not understand the effect that should be given to the Nevada decree when he brought suit for annulment. Defendant, however, had learned of the rule of the cases above cited and argued to the court that the Nevada decree established the validity of the marriage. ▮ However, at the same time, she argued further that the Nevada decree deprived the court of jurisdiction to render any judgment with respect to the validity of the marriage. The trial judge was accommodating, and made a conclusion of law that he had no jurisdiction to pass upon that issue. A proper judgment based on the finding of the divorce would have declared the validity of the marriage. The error was in plaintiff's favor and he, naturally, does not complain; defendant has not appealed and cannot take advantage of the error.

▮ On this factual background appellant seeks a reversal of the judgment insofar as it declares the agreement and deed to be valid. His sole contention is that because the court declined to pass upon the validity of the marriage it should not have passed upon the validity of the agreement. The argument has more merit for originality than for law. On the findings, judgment should have gone against plaintiff on both causes of action. One error of the court in his favor, in failing to declare the marriage valid, did not justify another one on the second cause of action which was properly decided on the merits. Disregarding the discussions in the briefs, especially in that of respondent, of matters wholly irrelevant to the merits of the appeal, there is nothing more to consider. The appeal is devoid of merit.

The judgment is affirmed.

Wood, J., and Vallée, J. pro tem., concurred.